IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-75,932




EX PARTE CHARLES MELVIN FROUD, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
FROM CAUSE NO. 97CR1742-83 IN THE 212TH JUDICIAL DISTRICT COURT
OF GALVESTON COUNTY




           Per curiam.

O P I N I O N 


            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault of a child and sentenced to twenty-five years’ imprisonment. Appellate counsel filed an
Anders brief and a motion to withdraw, which was granted by the court of appeals when that court
affirmed Applicant’s conviction. Froud v. State, No. 14-06-00882-CR (Tex. App.– Houston [14th 
Dist.], March 22, 2007). 
            Applicant contends that appellate counsel failed to comply with the requirements of Anders
v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in that counsel failed to notify
Applicant of his withdrawal or provide Applicant a copy of his brief to allow Applicant to raise any
claims he believed to be meritorious. See Stafford v. State, 813 S.W.2d 503, 510 (Tex. Crim. App.
1991). 
            The trial court obtained an affidavit from appellate counsel in response to Applicant’s claims,
and conducted a habeas hearing. In his affidavit, counsel states that he sent a copy of the Anders
brief and a letter referring Applicant to the appellate court to continue his appeal to Applicant. At
the habeas hearing, counsel testified that he has a receipt showing that these documents were
received by TDCJ. Applicant testified at the habeas hearing that he never received the documents
because he was moved around within TDCJ a number of times during the period in question. 
            The trial court has entered findings of fact and conclusions of law, finding that Applicant
testified at the habeas hearing that through no fault of his attorney, he was not properly notified of
his right to file a pro se brief in response to appellate counsel’s Anders brief. The trial court
recommends that relief be granted. As the United States Supreme Court held in Anders:
The constitutional requirement of substantial equality and fair process can only be
attained where counsel acts in the role of an active advocate in behalf of his client, as
opposed to that of amicus curiae. . . .His role as advocate requires that he support his
client's appeal to the best of his ability. Of course, if counsel finds his case to be
wholly frivolous, after a conscientious examination of it, he should so advise the court
and request permission to withdraw. That request must, however, be accompanied by
a brief referring to anything in the record that might arguably support the appeal. A
copy of counsel's brief should be furnished the indigent and time allowed him to raise
any points that he chooses[.]
 
Anders v. California, 386 U.S. 738, 744 (U.S. 1967).
            Applicant never received a copy of counsel’s Anders brief, or an opportunity to respond
thereto by raising points in a pro se appellate brief. Habeas corpus relief is granted and Applicant is
granted the opportunity to examine appellate counsel’s Anders brief, and to file an out-of-time pro
se appellate brief in his appeal from cause number 97CR1742-83 from the 212th Judicial District
Court of Galveston County. For purposes of the Texas Rules of Appellate Procedure, all time limits
shall be calculated as if the Anders brief had been filed on the day that the mandate of this Court
issues. We hold that Applicant, should he desire to prosecute an appeal, must take affirmative steps
to file his pro se brief within thirty days after the mandate of this Court has issued.
            Applicant’s remaining claims are dismissed. See Ex parte Torres, 943 S.W.2d 469 (Tex.
Crim. App. 1997).
DO NOT PUBLISH
DELIVERED: June 11, 2008